NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LARRY BOECKEN, Jr., | No. 08-17454 |
| Plaintiff - Appellant, | D.C. No. 1:05-cv-00090-OWW-DLB |
| v. | MEMORANDUM* |
| GALLO GLASS COMPANY, | |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted January 13, 2011
San Francisco, California

Before: WALLACE, SILVERMAN, and TALLMAN, Circuit Judges.

Boecken appeals from the district court's summary judgment in favor of

Gallo Glass Co. (Gallo). The district court had jurisdiction pursuant to 28 U.S.C.

§ 1331 and we have jurisdiction over this timely appeal pursuant to 28 U.S.C.

§ 1291. We review de novo a district court's summary judgment. *Universal*

*Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004). We affirm

in part, and reverse and remand in part.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Because Boecken was walking in the park and not in close and continuing proximity to his grandmother, he was misusing his leave under the Family Medical Leave Act (FMLA), 29 U.S.C. § 2612(a), and the California Family Rights Act (CFRA), Cal. Gov't Code § 12945.2(a). *Tellis v. Alaska Airlines, Inc.*, 414 F.3d 1045, 1047 (9th Cir. 2005). Further, because there is no requirement that companies specify which activities are and are not acceptable uses of FMLA time, Boecken's argument that Gallo did not provide "legally proper" notice of its FMLA policy in this regard fails. 29 C.F.R. § 825.301(b) (2005).

However, Boecken also contends that Gallo should have provided him advance notice of the consequences of his alleged good faith misuse of FMLA time. The FMLA regulation at 29 C.F.R. § 825.301(b)(1) requires that an employer "provide the employee with written notice detailing the specific expectations and obligations of the employee and *explaining any consequences of a failure to meet these obligations*" (emphasis added). Gallo's employee manual does not state that Gallo could immediately terminate any employee for misusing FMLA time. It does provide a progressive discipline policy. It also allows Gallo to terminate someone for "[t]heft or dishonesty," but Boecken correctly points out that there is a material issue of fact as to whether Gallo considered Boecken dishonest in his use of his FMLA time. Gallo does not address this argument. The

2

district court also did not address this argument, likely because Boecken did not make the argument in his summary judgment motion papers. However, Gallo failed to object to Boecken making the argument to us, which waives any potential waiver by Boecken. *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) ("It is well-established that a party can waive waiver implicitly by failing to assert it" (internal quotation marks and citation omitted)).

Therefore, a material fact is in dispute—whether Gallo violated Boecken's FMLA notice rights—that cannot be decided by summary judgment. *See* 29 C.F.R. § 825.301(f) (2005) (employer who fails to provide required notice cannot take action against employee for failure to comply with employer's requirements).

Boecken's Fair Employment and Housing Act claim, Cal. Gov't Code § 12940, fails because, as the district court correctly decided, Boecken has not identified a material issue of fact as to whether his firing was pretextual. Finally, summary judgment on Boecken's common law tort claim of wrongful discharge in violation of public policy was correctly denied because, as set forth above, Boecken's termination was not predicated on a motivation that violated public policy. *Holmes v. Gen. Dynamics Corp.*, 22 Cal. Rptr. 2d 172, 177 n.8 (Cal. Ct. App. 1993).

Each party will bear its costs on appeal.

**AFFIRMED IN PART, AND REVERSED AND REMANDED**

**IN PART.**